STONE & DOWNER CO. *v.* UNITED STATES (No. 2465) [1]

ADDITIONAL DUTY—PETITION FOR REMISSION UNDER SECTION 489, TARIFF ACT OF 1922—SUFFICIENCY OF EVIDENCE.

Where importer's brokers attempted to get information as to value from some one at the appraiser's stores, but were unable to find him, and then entered the merchandise at the invoice value at importer's direction without making any inquiry as to value, there was no evidence whatever on the question of whether or not importer's intent in making the undervaluation was fraudulent, and the petition under section 489, Tariff Act of 1922, for remission of the additional duty was properly denied.

United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, Abstract 47823

[Affirmed.]

*Waterhouse & Lockett* (*Joseph F. Lockett* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

------

[1] T. D. 41211.

[Oral argument Oct. 30, 1925, by Mr. Lockett and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is a petition for remission of additional duties based upon section 489 of the Tariff Act of 1922.

That section has been so often and recently quoted in the opinions of this court in remission cases that we will not repeat it here.

The Board of General Appraisers denied the petition.

The only claim made by the importers is that such denial was wholly without evidence to support it or clearly contrary to the weight of the evidence.

Appellants are customhouse brokers. They made the entry on behalf of W. C. Gaunt & Co., an officer of which company was one of the two signers to the petition for remission, the other being an officer of Stone & Downer Co., the nominal appellants here.

At a hearing before the board appellant introduced two witnesses, the Government none. One testified that he was the import clerk of appellants; that he made the entry in question; that upon receiving the papers from the importer he sent the invoice to the appraiser's stores for Mr. Kelly's examination, questioning whether or not he could advise that the invoice value represented a fair market value for the merchandise; that the messenger by whom he sent the invoice with the inquiry reported that he went to the appraiser's office twice that day; that Mr. Kelly was not there; that he, the witness, then telephoned the importers stating the importation had just come in; that he wanted to do everything he could to protect their interests; that importers' office advised him there was no one there who could give him information; that the next morning he received a telephone message from importers advising him that "the value was correct" and to enter the merchandise as per the invoice, which he did. He said he did not make any inquiry as to the value.

The other witness merely corroborated the first one by testifying that he went twice the same day to see Mr. Kelly; that he did not see him nor get any information from him because he was absent from his office, whereupon he returned the papers to the first witness.

It appears that the merchandise was wool tops, and the Board of General Appraisers referred to Mr. Kelly as the wool examiner. The record does not otherwise show who he was except that he was to be found at the appraiser's store.

On this evidence the board denied the petition, one member dissenting.

It is argued before us that the foregoing testimony, being uncontradicted and unimpeached, was sufficient to require the board to grant the relief prayed for in the petition, and that it requires us to reverse

the judgment below on the ground that it is wholly without evidence to support it, or clearly contrary to the weight of the evidence.

We can not adopt this theory.

Under the statute it was the duty of the petitioners to show that the entry of the merchandise at a less value than that returned on final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

We are clear that the evidence in this case does not satisfy these requirements of the statute. There is nothing to show what was the importer's intent or that there was no intent to conceal or misrepresent the facts, or deceive the appraiser as to the value of the merchandise other than what might possibly be inferred from an assumption that the entry by the brokers was made in due course of their business. That alone, however, can not sustain the burden cast upon the importer by the statute.

The merchandise was undervalued on entry. There is no evidence whatever as to what the importers understood was its market value at the time of entry other than the telephonic message from them that "the value was correct."

No person who might know the cost or the market value was called as a witness.

Without further discussion we are clear that we are not justified in reversing the judgment below on the meager facts contained in the record. If the real importers or the appellants possessed any information which might, if presented to the board, have sustained the petition, they have wholly neglected to present the same.

We think the judgment below ought to be, and it is hereby, *affirmed.*