## MASSCE & Co. (INC.) v. UNITED STATES (No. 2665) [1]

1. REMISSION OF ADDITIONAL DUTY—EVIDENCE, MATERIALITY, AND COMPETENCY—OPINION.

At the trial of a petition for remission of additional duty imposed for undervaluation under section 489, Tariff Act of 1922, testimony by a customs agent that he had investigated and found no evidence of fraud or intent to deceive the appraiser was not admissible. There is no express authority in the tariff act for such an investigation, and no showing was made as to its sanction, scope, or method. Whether or not he made the investigation was immaterial; and his conclusions as to fraud, opinion evidence.

2. REMISSION OF ADDITIONAL DUTY—SUFFICIENCY OF EVIDENCE.

Testimony by the broker who entered the merchandise that he knew nothing of the value, that he had had three previous invoices of the same kind of merchandise, "within a few months apart," passed as correct, that he did not consult the examiner prior to making the entry, and that he made no effort to ascertain the value, and by the examiner that he had no reason to suspect any concealment is not sufficient to support a petition for remission of additional duty for undervaluation under section 489, Tariff Act of 1922.

### United States Court of Customs Appeals, March 13, 1926

APPEAL from Board of United States General Appraisers, Abstract 49860

[Affirmed.]

*B. A. Levett* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special attorney, of counsel), for the United States.

[Oral argument January 19, 1926, by Mr. Lawrence and Mr. Levett]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This is a petition for remission under section 489 of the Tariff Act of 1922.

The appellant, Massce & Co. (Inc.), as a broker, imported two shipments of manufactures of leather and entered them under the Tariff Act of 1922 at the port of New York. On one entry the appraiser advanced the entered value 42 per centum and on the other 43 per centum, and the collector assessed additional duties according to the provisions of said section 489. This petition followed.

On the hearing upon the petition before the court below, the petitioner called three witnesses, Jean Massce, president of appellant corporation, William Gold, an examiner at the port of New York, and Henry K. Vaiden, a customs agent at said port. Massce testified that he had no interest in the goods, except as a broker; that he entered the goods according to the invoice sent to his firm by the banks, "knowing nothing about the value;" that he had had three previous invoices of the same kind of merchandise, "within a

few mon. hs apart," passed as correct; that he did not consult the examiner prior to making the entry and made no effort to ascertain the correct value at which to enter the merchandise.

The examiner, William Gold, testified that he passed and made the advance upon, the goods in question. He testified that in making the advances, he had no "reason to suspect or believe that the importers or the shippers had concealed any facts as to any of the values." This testimony was objected to and exception preserved, but as the Government has assigned no cross errors thereon, the competency or relevancy of said testimony is not before us.

The witness Vaiden testified that he "had occasion to examine into" the entries in question here. He was then asked the following questions:

Q. Did you investigate those shipments for the purpose of ascertaining whether it was regular and without fraud or intent to defraud?

    *        *        *        *        *        *        *

Q. What did you find in your investigation as to the good faith of this importation?

    *        *        *        *        *        *        *

Q. Now will you state what facts you found?

In explanation of the purpose of these questions, counsel for petitioner then stated:

I would like to have it on the record, all this witness is to prove is, that as an investigating Government officer, investigating this case, *he found no evidence of fraud or intent to deceive the appraiser.* (Italics ours.)

Objections to these questions were sustained, exceptions preserved and the action of the court below in sustaining said objections is assigned for error. The particularity of these assignments of error is not here questioned, counsel for both sides assuming their sufficiency to raise the point suggested, and we shall dispose of the matter on that assumption, without reference to the sufficiency of the assignments.

In our opinion, the court below properly sustained objections to the interrogatories quoted. By what authority the witness Vaiden acted, nowhere appears in the record; what the scope of his authority was or how he conducted his investigations, also nowhere appears. Certainly no express authority of law is given by section 489 or by any other section or part of the Tariff Act of 1922 for such an investigation. Therefore, whether he made an investigation or not, is immaterial. The other interrogatories sought to have him give his conclusion as to the good faith of the importer, gathered from such investigation. But this was the province and function of the court below, under said section 489. Therefore what this customs agent might or might not think or conclude on that subject was likewise immaterial and incompetent. If there were any facts which threw light upon the good faith or lack of good faith of the importer known to the witness he might properly have detailed

them, but we know of no rule of law or procedure that would justify the reception of his opinion upon the very matter which the court below must decide.

The burden rested upon the appellant to support his petition by satisfactory evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. Obviously, he has offered no such proof. The appellant made no effort at all to learn the value of the goods when he entered them. To say that he had entered and had passed at the same values other goods of the same kind, some months previously, in itself, and unaided by other facts or circumstances, proves nothing. Such proof is far from meeting our views as heretofore announced. *Syndicate Trading Co.* v. *United States,* 13 Ct. Cust. Appls. 409, T. D. 41339; *Glendenning, McLeish & Co.* v. *United States,* 13 Ct. Cust. Appls. 387; T. D. 41320; *Finsilver, Still & Moss* v. *United States,* 13 Ct. Cust. Appls. 332, T. D. 41250, and other recent cases.

The judgment of the court below is *affirmed.*