LOWE CO. v. UNITED STATES (No. 2993)[1]

United States Court of Customs Appeals, January 30, 1928

*Comstock & Washburn (J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and *Peter A. Abeles,* special attorneys, of counsel), for the United States.

[Oral argument December 8, 1927, by Mr. Tompkins and Mr. Higginbotham]

Before SMITH, BARBER, BLAND, and HATFIELD, Associate Judges; GRAHAM, Presiding Judge, participating in the decision by agreement of counsel

SMITH, Judge, delivered the opinion of the court:

Lemon oil purchased by the "New York Headquarters of Joe Lowe Company" and imported at Baltimore was entered by the Baltimore branch of said company at $1.41 per pound, the invoice price. Five or six days after that entry was made the New York office informed its branch office at Baltimore that the invoice price was too low, whereupon the manager of the Baltimore branch, by its customs broker, called the attention of the customs authorities to the

---

[1] T. D. 42590.

fact that the entered value was incorrect, but, in view of the fact that the merchandise had at that time come under the observation of the appraiser for appraisement, the importer was not permitted to amend his entry or change the entered value. As the goods were entered at $1.41 per pound and appraised at $2.20 per pound, the merchandise was assessed with additional duty, from which the importer sought to be relieved by filing a petition with the United States Customs Court praying for a finding that the merchandise was entered at a less value than the final appraised value without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The United States Customs Court denied the petition and the importer appealed.

The evidence submitted on the hearing of the petition discloses that the Baltimore branch of the company had never purchased or imported lemon oil and knew nothing about the value of such merchandise. The invoice was delivered to the customs broker for the Baltimore branch of the company with no instructions other than the direction to clear the goods. The customs broker knew nothing of the value of merchandise such as that imported and entered the goods at the value stated in the invoice.

We have definitely held that where an importer has no knowledge of the value of goods imported he is put upon inquiry as to the value of such goods and that if he fails to make such inquiry and enters his importation at so low a value as to result in the imposition of additional duties, he can not be relieved therefrom by taking the proceedings provided for in section 489. *United States* v. *American Metal Co.*, 12 Ct. Cust. Appls. 440, 447; *Lee & Co. v. United States*, 13 Ct. Cust. Appls. 269, 271; *Stone & Downer Co., v. United States*, 13 Ct. Cust. Appls. 271; *Finsilver, Still & Moss v United States*, 13 Ct. Cust. Appls. 332, 335, 336; *Massce & Co. v. United States*, 13 Ct. Cust. Appls. 601.

The rule laid down in those cases must be followed in determining the present appeal. To depart from it would result in a discrimination and a confusion which could not be justified. In justice to the "New York headquarters" of the Joe Lowe Co., we must say that the promptness with which the entered value was repudiated and the steps which were immediately taken to call the attention of the customs authorities to its incorrectness merit and receive the commendation of the court. To grant the prayer of appellant's petition, however, would simply establish a precedent of which advantage might well be taken by others not so scrupulous as the "New York headquarters" of the appellant.

The judgment of the United States Customs Court is *affirmed.*