J. BENITEZ CINTES v. UNITED STATES (No. 2811[1]) ·

United States Court of Customs Appeals, May 7, 1928

*Mark Eisner* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

[1]T. D. 42751.

[Oral argument April 11, 1928, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

J. L. V. Valdivieso imported at San Juan, P. R., October 18, 1924, from Barcelona, Spain, certain merchandise, among which were 59 pieces of old silverware. These pieces were declared by the consular invoice, signed and executed by the importer, to be of no value. However, by permission of the collector of customs at San Juan, on importation, the importer was permitted to inspect the goods, and thereafter entered the same at a value of $1.25 each. Twenty-three of these pieces were found to be undervalued, their dutiable value being increased by the appraiser from $28.75 to $388.67. No appeal was perfected from this appraisement.

The importer filed his petition for remission under section 489 of the Tariff Act of 1922. Upon hearing, his petition was denied by the Customs Court, and he prosecutes this appeal, in the name of J. Benitez Cintes. No objection being made on this account, however, the matter will be disposed of as presented.

The only evidence appearing in the record is the deposition of the importer. He testifies that the goods in question were inherited by him from certain relatives and were "in my family's use for many years and not for commercial intent." He states, further, that the silverware had been stored in the Banco de Espana of Madrid before he exported it; that said bank had declared the value of the same to the Spanish Government as 4,000 Spanish pesetas, or about $547.60, at the rate of exchange on date of importation, which declared value was known to the importer when he imported the silverware; that he made no effort, at the time of or before importation, to find the real value of the imported silverware; and that he had no intent to defraud the Government.

In our opinion the Customs Court committed no error in denying the importer's petition for remission. Having full knowledge of the value of his goods as reported to the Spanish Government, he did not reveal this value. He made no effort of any kind to ascertain what the foreign market value of his goods was, although he was in Spain and executed the consular invoice there. This court has, in numerous cases, announced the legal principles governing such cases. *Lowe Co.* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590; *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220.

In conformity with the doctrine announced in the cited cases, the judgment of the Customs Court is *affirmed.*