ELEKTRON METALS CORPORATION OF AMERICA *v.* UNITED STATES
(No. 3223)[1]

United States Court of Customs and Patent Appeals, October 28, 1929

John R. Rafter (*Harry M. Farrell* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.

[1] T. D. 43648.

[Oral argument October 10, 1929, by Mr. Farrell and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Appellant has appealed to this court from a judgment of the first division of the United States Customs Court, denying its petition for remission of additional duties, filed under section 489 of the Tariff Act of 1922. The goods imported consisted of magnesium ingots imported from Germany.

The record discloses that one Mr. Rippenbein, who was connected with the appellant firm, while in Germany personally made arrangements for the purchase of the goods; that he had been in Germany for nine months prior to the date of purchase, which was in June and July, 1923; that he paid 54 cents per kilo for the metal and at the time of entry had no consular invoice but entered upon a pro forma commercial invoice which stated the purchase price as being 54 cents per kilo; that the goods were shipped in October and entered on December 3, 1923. The liquidation and the imposition of additional duties was made in February, 1927.

Mr. Rippenbein testified that he entered at 54 cents per kilo, believing it to be the correct value, and that he had no intent to conceal the facts or defraud the revenue of the Government, and that he had no information of the market value at the time of entry other than the price paid and his knowledge of the value of the imported merchandise which, he said, sold in Germany by the selling company at just a little under the price of aluminum. He did not disclose in his testimony that at the time of entry he knew the value of aluminum. He further stated that there were only about 30 tons of this metal sold per year; that it was a new material which, in some respects, took the place of aluminum and that the company was trying to introduce it in the trade there and here, and that he did not sell more than ten per centum of the amount he purchased, but gave it away in order that customers might try it out; that no one else in the United States handled the material and that the German company was the only producer in the world. He stated that the metal was sold in Germany but that he made no inquiry as to the value of the metal there between June and the date of entry in December. Soon after entry he received the consular invoice upon which was the notation: "The home consumption price in Germany on date of purchase was gold marks 4—ako. The home consumption price in Germany on date of exportation was gold marks 4—ako."

Upon the appraisement of the goods in accordance with the consular invoice value, the petitioner appealed to reappraisement where the appraised value was affirmed.

At the trial of the remission case the record made in the reappraisement proceedings was incorporated into the record in connection with the testimony of Charles H. Day, who was connected with the Elektron Metals Corporation. Day's testimony contained no other evidence pertinent to the issue in the remission case.

F. M. Hyder, examiner of merchandise at the appraiser's stores at the port of New York, who assisted in the appraisement of the merchandise at bar, also testified on behalf of the petitioner and stated that the metal was a new commodity and that upon making inquiry of the company after the entry was filed his inquiries were answered fully and frankly and that he did not have any knowledge or information that would lead him to believe that the making of the entry was fraudulent.

In the decision of the Customs Court, written by Justice McClelland, is found the following:

The only witness called to testify in support of the petition was a Mr. Rippenbein, who stated he was connected with the petitioning company.

The petitioner filed a petition for rehearing, calling attention to this statement of the court and pointing out that Mr. Day and Mr. Hyder both testified. The petition for rehearing was denied and the denial of same is assigned as error in this court.

In our view of the case, as will hereinafter appear, the omission of the court in the written decision to give consideration to the testimony of the other two witnesses can not be regarded as reversible error in so far as the evidence as a whole, after being given full consideration and weight, was not sufficient to justify the granting of the petition for remission.

During the last several years, this court has had occasion, many times, to announce many distinct principles of law applicable to said section 489, and it would not be helpful here to reiterate the many different expressions which apply with controlling force to the facts at bar.

The petitioner himself admitted that he made no attempt from June until December, 1923, to ascertain the correct market value of the goods in Germany, although the commodity was new and of uncertain value. His entry declared the value on the date of exportation to be 54 cents per kilo. He admits now that he was wrong. No doubt proper inquiry at the proper time and at the proper place would have disclosed this error before entry.

In *Lowe Co.* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590, we find the following:

We have definitely held that where an importer has no knowledge of the value of goods imported he is put upon inquiry as to the value of such goods and that if he fails to make such inquiry and enters his importation at so low a value as to result in the imposition of additional duties, he can not be relieved therefrom

by taking the proceedings provided for in section 489. *United States* v. *American Metal Co.*, 12 Ct. Cust. Appls. 440, 447; *Lee & Co.*, v. *United States*, 13 Ct. Cust. Appls. 269, 271; *Stone & Downer Co.* v. *United States*, 271; *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, 335, 336; *Massce & Co.* v. *United States*, 13 Ct. Cust. Appls. 601.

The rule laid down in those cases must be followed in determining the present appeal. To depart from it would result in a discrimination and a confusion which could not be justified. In justice to the "New York headquarters" of the Joe Lowe Co., we must say that the promptness with which the entered value was repudiated and the steps which were immediately taken to call the attention of the customs authorities to its incorrectness merit and receive the commendation of the court. To grant the prayer of appellant's petition, however, would simply establish a precedent of which advantage might well be taken by others not so scrupulous as the "New York headquarters" of the appellant.

We think what was said there is so applicable to the facts at hand that further comment is unnecessary.

The judgment of the United States Customs Court is *affirmed*.