ENDICOTT JOHNSON CORP. *v.* UNITED STATES (No. 3953)[1]

United States Court of Customs and Patent Appeals, April 27, 1936

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *John F. Kavanagh*, special attorney, of counsel), for the United States.

[Oral argument April 8, 1936, by Mr. Allerton deC. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Endicott Johnson Corporation imported five car loads of cattle hides at the port of Niagara Falls, and entered the same in three

[1] T. D. 48309.

entries dated, respectively, June 9, June 11, and June 13, 1934. The entries were made by C. J. Tower & Sons, as brokers. The goods having been undervalued, the collector assessed additional duties for undervaluation under section 489 of the Tariff Act of 1930. Thereupon the importer petitioned the United States Customs Court for a remission of such additional duties, under said section.

In support of such petition, the importer called two witnesses. The first of these witnesses was Richard Eve, a clerk in charge of the traffic department of the exporter, Canadian Packers, Ltd. This witness testified that he was familiar with the facts of the exportation, and that he is responsible for the values which were given in entering the goods; that he furnished the figures to the brokers for making out the entries; that in making the entries he gave the Canadian or home market value, and then deducted therefrom the amount of the United States import duty. His explanation for this was as follows:

* * * A. Merely a clerical error that I couldn't account for at all other than it appeared to be one of a number of shipments based on export value and from that I have been deducting the duty regularly.

He testified that he repeated this error in each of the five shipments, three of which were made on the same day; that he did not discover his mistake until June 20, 1934, when he found that he had given the wrong value; that he then telephoned to the brokers, sent them a check for the amount of the United States import duty upon all five car loads, and asked them to endeavor to amend the entries and pay the proper amount to the collector. This check was returned by the brokers, who reported that they were unable to deliver the check to the collector for the reason that the entries had been turned over to the Special Agency Department. The witness C. E. Tower verified some of these statements.

The United States Customs Court denied the petition, largely upon reference to *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, and *Lowe Co.* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590. The petitioner brings the case here for review.

It is stated by the witness Eve that he acted in entire good faith in these transactions. It does not affirmatively appear from the record that there was any fraudulent intent upon the part of the importer in making these entries. The witness Eve stated that he had been in the habit of deducting United States import duty from the export values given by him in former entries. This, however, is not a sufficient excuse for the failure of the witness to state properly the dutiable values of these goods. An examination of section 402 (d) of the Tariff Act of 1930 discloses that export value is not arrived at by a deduction of United States import duties.

As the court below stated in its decision, there seems to have been a lack of care on the part of the exporter in preparing these valuations for the entries. The witness Eve was well conversant with the United States law, and its practices, as to the entry of imported goods. He was also thoroughly familiar with Canadian market values at the time of these shipments, and it seems an act of gross carelessness to enter these goods repeatedly at a valuation which the slightest thought and consideration must have made plainly evident to the witness were prices much below the Canadian home market value of the goods.

Tested by the rule of the cases cited by the United States Customs Court herein, the petitioner has not made a case which justifies the relief sought by him. We quote from *Wolf & Co.* v. *United States, supra:*

\* \* \* Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

It may be stated that although the brief of appellant is well written and forcible in many essential particulars it is not supported by facts appearing of record.

The judgment of the United States Customs Court is *affirmed.*