**No. 42058.**—Petition 5785–R of Henry Wiesenfeld, "Little Joe" Wiesenfeld Co. (Baltimore).

McCLELLAND, Presiding Judge: This is a petition for remission of additional duties filed under the provisions of section 489 of the Tariff Act of 1930.

The merchandise involved consisted of saddle soap. It was invoiced and entered at a total value of £10 16s. 5d., and the appraiser added thereto to make market value £8 5s. 0d., making a total value of £19 1s. 5d., the advance being 75 percent over the entered value.

Altogether three witnesses were called to testify at the hearing of the petition, Henry M. Wiesenfeld a member of "Little Joe" Wiesenfeld Co., the importer and petitioner, Charles A. Masson, a member of the customhouse brokerage firm by whom the entry of the merchandise was made, and J. R. Prevost, the examiner in the appraiser's office at the port of Baltimore who passed and appraised the merchandise and made the advances which met with the approval of the appraiser.

Mr. Wiesenfeld's testimony is limited to a statement that he was familiar with the merchandise involved, and that he turned the papers over to his customs broker when he received them, and instructed him to file entry as he previously had done. The broker to whom the papers were turned over was William H. Masson.

Charles A. Masson, in his testimony, stated that he is a member of the firm of William H. Masson, customhouse brokers and forwarders, and that he was familiar with the facts as to why the merchandise involved was entered at the value declared upon entry. The balance of his testimony was, in substance, as follows: Mr. Wiesenfeld sent the papers to his firm and asked them to prepare the entry as they had done in previous cases. When the papers were received, George Masson, who usually took care of the actual preparation of the papers in the previous cases, was absent from the office on account of illness and it fell on him to see that the work of the office was carried on. In the usual course of business, on merchandise paying an ad valorem rate of duty, he said, the practice was to submit the invoices to the examiner to verify the prices and see if there was any additional information the importer may not have. On previous importations his office had advanced the prices in conformity with the information the examiner had. In this instance, when the papers arrived upon which entry was to be made, George Masson was absent. Charles A. Masson took the invoice to the appraiser's office and when he went to the examiner whose business it was to pass the merchandise he found that neither the examiner nor the clerk was available and entry was made on the invoice value without further effort to confer with them.

It nowhere appears in the record that the merchandise covered by previous entries was the same as the merchandise covered by this petition, nor that the invoice or entered value was the same, or what the additions were that were made on entry, or what the final appraised values were on previous entries, or how, if at all, the merchandise involved in the petition compared with the merchandise covered by the other entries mentioned.

No explanation is made in the record as to why George Masson, whose business it was to attend to the entries of the petitioning company, was not called to testify in support of the petition.

In section 489, *supra*, it is provided that additional duties may only be remitted upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence.

The evidence submitted is not deemed satisfactory. See *Lowe* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590, and cases therein cited. The petition is denied.

#### DISSENTING OPINION

BROWN, Judge: A frankly admitted negligent mistake by the customs broker is shown. The Supreme Court held that negligence is not a ground for refusing remission in *Fish* v. *United States*, 268 U. S. 607. The facts disclosed are not the way people cheat or deceive the appraiser. It is unjust and unfair not to grant this remission. Congress intended a most liberal construction and application of this remedial statute.