JOHN WROBLEWSKI *v.* UNITED STATES (No. 4265) [1]

---

United States Court of Customs and Patent Appeals, June 24, 1940

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney, of counsel), for appellee.

[Oral argument April 11, 1940, by Mr. J. Stuart Tompkins and Mr. FitzGibbon]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal in a remission case from the judgment of the United States Customs Court, First Division, one judge dissenting, denying appellant's petition praying for a finding that in the entry of the glass Christmas-tree ornaments herein there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition was filed in accordance with section 489 of the Tariff Act of 1930, providing, in part, as follows:

* * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * * ·

Appellant testified that he is a dealer in wholesale notions and novelties and that he had been-importing glass Christmas-tree ornaments from Germany for about 12 years; that all of his entries were made on the basis of invoice value and that no question had ever been raised concerning the propriety of such values prior to the involved entry; that he considered his invoice values to be the correct dutiable values because he was always billed at the price he bought and paid. He also testified that he did not intend in any way to conceal or misrepresent any facts in the case.

Under cross-examination he admitted that he did not make any investigation prior to the making of the entry herein to ascertain the market value of the merchandise in the country of exportation, but that after the merchandise had been appraised he wrote to an importer in New York and was informed by answer that the New York im-

porter had some trouble with imported glass ornaments "but he didn't say whether the price was different from the invoice values."

The broker for appellant testified that she had been entering similar merchandise for appellant for about 12 years; that she had always entered it at the invoice price and that there appeared on invoices covering previous shipments as well as on the invoice covering the shipment here involved the notation "The home market value, taxes included, is in no case higher than the invoice price." She also testified that as agent, or broker, for appellant and other importers she tried to the best of her ability to enter merchandise at values which at the time of entry she believed to be correct; that it is her practice whenever in doubt to submit the invoice to the appraiser but that in this case she felt sure she was correct and for that reason did not consult the appraiser.

Appellant took no appeal to the court for reappraisement and this was explained by the broker as follows:

When I received the notice of advance I made a trip to Mr. Wroblewski's store and consulted him. I told him if he wasn't satisfied with the appraisal made, that if he was convinced that the invoice prices were correct, that he should take an appeal to reappraisement. He asked me to wait a few days. He told me that he had consulted an examiner in New York, and that they hadn't any trouble with similar shipments, and that he didn't want to get in trouble with the Government, and wanted to pay it and forget it.

The foregoing constitutes a digest of all of the evidence. The Government submitted its case on the record made by appellant and filed no brief in the trial court.

Upon this evidence it was held, in the principal opinion, under the authority of *Wolf & Co. v. United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, that appellant had not established the facts laid down therein as necessary in order to be relieved. The facts to be established were quoted from the opinion in that case as follows:

* * * First, He [petitioner] must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

In a concurring opinion by another judge of the court the additional authority of *Lowe Co. v. United States*, 15 Ct. Cust. Appls. 418, T. D. 42590, was cited.

In a dissenting opinion by the third member of the court, before whom the trial was held in Buffalo, N. Y., it was said that:

* * * (1) the evidence before us shows the entire good faith of the importer and his agent, the broker, (2) there is no reasonable inference here that there were

"facts or circumstances known to the petitioner when he made his entry" which would cause him to question the figures at which he was entering, or (3) that he did not make a full and candid disclosure of the little he knew.

The rule relied upon in the *Wolf & Co.* case, *supra*, states generally the fundamental facts which a petitioner in a remission case must establish to obtain relief. The opinion therein summarized the holdings made by this court as to the quantity and quality of proof required and discussed in the several cases, to wit, *Fish* v. *United States*, 12 Ct. Cust. Appls. 307, T. D. 40315; affd., *United States* v. *Fish*, 268 U. S. 607; *Lee & Co.* v. *United States*, 13 Ct. Cust. Appls. 269, T. D. 41205; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220; *Glendenning, McLeish & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 387, T. D. 41320; *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339; *United States* v. *Bracher & Co. et al.*, 13 Ct. Cust. Appls. 432, T. D. 41344.

It is not necessary to discuss many of the foregoing cases. Reference to principles laid down in some of them is sufficient to support our conclusion here. In the *Linen Thread Co.* case, *supra*, Hatfield, Judge, speaking for the court said:

Each case must be determined upon the circumstances and conditions peculiar to it, supplemented by such evidentiary facts as may be required to fully explain the matters in issue. There ought to be no great difficulty in proving that there was no intention to defraud or deceive in the entry of imported merchandise, if in fact there was no such intention. Proof of the circumstances and conditions, and a full and candid explanation thereof is required. Anything less than that is not sufficient. If such evidence is not offered, even though it may be inconvenient or impossible to do so, the petitioner must suffer the consequences.

In the opinion written by Presiding Judge Graham in the *Glendenning, McLeish & Co.* case, *supra*, it is stated that:

We have had occasion in several instances to review the judgments of the Board of General Appraisers in remission cases since the approval of the Tariff Act of 1922. Each case has presented a state of facts peculiar to itself and it has, therefore, been necessary to dispose of each according to the ultimate conclusion arrived at after a consideration of them. To announce general principles applicable to all such cases is difficult and in some respects impossible. But we have said that the issue principally involved in such cases is the good faith and intentions of the importer. *United States* v. *American Metal Co.*, 12 Ct. Cust. Appls. 440. If an importer has no information and knows of nothing which would raise a doubt in the mind of a reasonable and prudent man as to the correctness of the market value of purchased goods as stated by him, then the price paid for them in the ordinary course of business may be accepted by him as their true market value. *Lee & Co.* v. *United States*, 13 Ct. Cust. Appls. 269, T. D. 41205. If, however, he represents his goods to have a certain value and has at the time no reasonable grounds for believing his statements to be true, or if his representations are made with reckless disregard of their truthfulness, or if there are circumstances which would put a reasonable and prudent man on inquiry, and he makes no such inquiry, then the importer has not sustained the burden placed upon him by the statute. *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

In the *Syndicate Trading Co.* case, *supra*, in an opinion by Barber, Judge, it is said:

We have recently in effect held, in cases of this character, that if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties. *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295; T. D. 41218; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301; T. D. 41220; *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273; T. D. 41212.

The facts in the *Wolf & Co.* case, *supra*, are utterly different from those disclosed here. In that case the record showed that when the importers entered the goods they knew that the true value thereof was higher than the entered value and gave no sufficient explanation why the true value was not made known by them.

In the *Lowe Co.* case, *supra*, the company entering the merchandise had never purchased or imported lemon oil before and knew nothing of the value of the merchandise. The record here discloses no comparable situation.

Considering the record here as a whole, we think it fairly shows that appellant at the time of making his entry had no information and knew of nothing which would raise a doubt in the mind of a reasonable and prudent man that the entered value of the ornaments was not the true value. Since we think this is the situation, the price he paid for his goods in the ordinary course of business could be accepted by him as the true market value. We think that on the record made he had reasonable grounds to believe his statements in the entry were true.

We do not believe that merely because he took no appeal for reappraisement that his good faith may be impugned. Of course this is a circumstance which might, in a proper case, in connection with other facts, indicate a reckless disregard for or suppression of the truth of his statements. In this case, however, his failure to appeal for reappraisement taken with his explanation as to why he did not so appeal and all of the other facts of record convince us that he has shown that at the time of entry he had no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The judgment of the trial court is *reversed* and the case *remanded* with directions to enter judgment for the appellant.