**No. 48300.**—Petition 6270–R of Norman G. Jensen (Pembina).

Opinion by CLINE, J. The merchandise was shipped from Moose Jaw, Saskatchewan, Canada, to Minneapolis, Minn. From the testimony of the party who made the entry he had had other shipments from the same company and had used the values shown on the consular invoices, and that he followed that procedure in this case; that he did not know of any other value and believed that he had entered at the correct value; that the value of the goods increased between the date of the invoice and the date of the actual importation; that he did not intend to defraud the revenue or to deceive the appraiser as he had given the appraiser all the information which he had. In the instant case the parties in interest were located at Minneapolis or Mankato, Minn., and not at Noyes where the goods were entered, and the shippers were at distant points in Canada. The record does not show whether the invoices were forwarded to the broker by

the shippers or by the parties to whom the goods were destined for delivery but it is evident that the broker who made the entry in his own name assumed all responsibility for making the entry at the border·port. The question is whether a reasonably·prudent business man would have been put on inquiry sufficiently to cause him to telegraph to either the mills or the ultimate consignees in Mankato and Minneapolis to ascertain if there had been any change in price in the 3 and 5 days, respectively, while the merchandise was in transit. Numerous cases were cited, including *Wroblewski* v. *United States* (28 C. C. P. A. 150, C. A. D. 137) *Union Food Products Co.* v. *United States* (13 Ct. Cust. Appls. 343, T. D. 41253) *Wolf* v. *United States* (13 Ct. Cust. Appls. 589, T. D. 41453), *Schrikker* v. *United States* (13 Ct. Cust. Appls. 562, T. D. 41433), *Massce* v. *United States* (13 Ct. Cust. Appls. 601, T. D. 41456), *Lowe* v. *United States* (15 Ct. Cust. Appls. 418, T. D. 42590), *Taggesell* v. *United States* (17 C. C. P. A. 15, T. D. 43318), *Ittmann* v. *United States* (T. D. 49481), *Freedman & Slater, Inc.* v. *United States* (6 Cust. Ct. 354, C. D. 494), and Abstract 42284, but the court was of the opinion that inasmuch as each remission case stands on its own bottom the court cannot lay down a rule of practice applicable to all such cases. On the record it was found that the petitioner acted without intention to misrepresent the facts or to defraud the revenues. The petition was therefore granted.