BEFORE THE FIRST DIVISION, JUNE 11, 1945

**No. 50245.**—Petition 6145 of Close & Stewart (Seattle).

COLE, Judge: This petition, invoking the provisions of section 489, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1489), was denied in *Close & Stewart* v. *United States*, 10 Cust. Ct. 331, C. D. 777. It is before us now pursuant to an order (Abstract 48889) granting petitioners' motion for rehearing, alleging newly discovered evidence.

The writer did not participate in the decision, C. D. 777, *supra*, but conducted the second trial of the case at Seattle on January 31, 1944, when petitioners'

sole witness, the same one who appeared at the original hearing, offered further testimony.

Identification of an owner's declaration is the only addition to the record made at the later trial. Other testimony adduced at that time is largely repetitious of that originally offered. Evidently, the owner's declaration was produced to relieve responsibility from petitioners, a customs brokerage firm, and shift the burden to the actual importer, but for reasons hereinafter set forth, the said document has little, if any, bearing on the final judgment in this case.

The issue here is the good faith of the petitioners in entering the imported merchandise, *Union Food Products Co.* v. *United States* (13 Ct. Cust. Appls. 343, T. D. 41253), and it is not enough that petitioners disclose a lack of knowledge of the true value of the merchandise in order to meet statutory requirements, *Lowe Co.* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590, but it is also necessary that they show, by satisfactory proof, that there were no facts or circumstances known to them when the entry was made which would cause a reasonable prudent person to question the correctness of the values given to him, *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

Petitioners' attempt to minimize the qualifications of their witness is not convincing. The member of the firm, who testified herein, stated that he had been a customs broker since 1919, and that his experience included the preparation and filing of customs entries of various types.

Customs brokers operate under a license issued pursuant to Federal regulations, such a license being issued only upon a showing of satisfactory qualifications based upon knowledge and experience with customs matters. See *Union Brokerage Co.* v. *Jensen et al.* (322 U. S. 202). In the light of the foregoing, it is reasonable to expect conduct comparable to such high standards where, as in the present case, a customs broker seeks relief under section 489, *supra*.

Here, however, petitioners not only admit of hearing a statement, prior to entry, by the owner in the presence of the deputy collector that the invoice prices were lower than the wholesale values in the country of exportation, but they also had knowledge that the customs officials regarded the invoice prices as somewhat low, yet no effort was made, so far as the record discloses, to ascertain the correct values. Such a disposition reflects an attitude of indifference, and one wholly contrary to the requirements of satisfactory proof under the statute, *R. W. Gresham* v. *United States*, 27 C. C. P. A. 106, C. A. D. 70.

For the foregoing reasons, in addition to those set forth in C. D. 777, *supra*, we adhere to the original decision and deny the petition. Judgment will be rendered accordingly.