**No. 52470.**—Stan Newcomb and Barbara Todd *v.* United States, petition 6617–R (San Diego).

CLINE, Judge: This is a petition for the remission of additional duties assessed under section 489 of the Tariff Act of 1930 for the undervaluation of merchandise.

The merchandise consisted of trousers which were imported from Mexico by Stanley Hugh Newcomb, one of the petitioners herein. At the trial Mr. Newcomb testified that he was in the tailoring business in San Diego; that he had had the material for the trousers cut in his shop in San Diego; that he had personally delivered it together with the so-called trimmings, such as zippers, lining, pocketing, and buttons, to Parra Brothers in Tia Juana for assembly; that he paid $6 a pair for the work; that he brought the completed trousers back to the United States in his car; that when he told the customs officials the articles were for resale, they suggested that he have a customs broker take care of the entry; that he then went to Barbara Todd's office; that she asked him how much the trousers had cost and he gave her the invoice from Parra Brothers showing the amount to be $6 a pair; that she made out the entry at that value; that he knew the trousers were worth more than $6 a pair; that he was not asked the value, but turned over the invoice showing the cost; that he believed duty would be assessed only upon the basis of the cost in Mexico.

Mr. Newcomb further testified that about half way through these transactions [there were several importations] Mr. Hodgeson [the appraiser] asked for a pair of trousers for appraisement purposes; that he later called at Mr. Newcomb's office in regard to a questionnaire which Mr. Newcomb had received; that Mr. Hodgeson asked for information as to the cost of the materials, trimming, and labor; that Mr. Newcomb furnished him with the information; that that was the first time he had been asked who had furnished the material for the trousers.

On cross-examination Mr. Newcomb stated that he did not tell Mrs. Todd nor the customs officials that the $6 represented merely the tailoring charges; that the question did not come up; that he did not apprise any Government officials at the time he took the material over to Mexico.

Mr. Hodgeson testified that the merchandise was appraised on the basis of cost of production; that he learned from Mr. Newcomb prior to appraisement the facts upon which he arrived at the value; that appeals to reappraisement were filed but were abandoned in a short time.

Respondent called Gerard C. Polite, customs agent, who testified that he had interviewed Mr. Newcomb in regard to these importations; that Mr. Newcomb stated that the material had been cut in his shop in San Diego; that he had supplied the materials and the trimmings and that Parra Brothers had done the work; that when Mrs. Todd asked him the cost of the trousers to him in Mexico he stated that they were $6 a pair; that he did not advise the broker nor the customs officer that the $6 per pair represented the cost of labor only. Mr. Polite

also testified in regard to a conversation with Mr. Parra in Tia Juana in which Mr. Parra said that he had supplied the trimmings and that Mr. Newcomb had furnished the material only.

Mrs. Barbara Todd Adams testified that she had made the entries in this case; that she had asked Mr. Newcomb the price of the trousers; that he had said $6 and the invoice showed $6; that she made no further inquiry "partly because of his reputation"; and that she did not attempt to ascertain the freely offered price for similar trousers in Mexico.

Bernardino Parra Holgin testified that he had a tailor shop in Tia Juana; that he had received material and trimmings from Mr. Newcomb and had made them into trousers for which he charged $6 a pair; that he had had a conversation with Mr. Polite; that he stated that he charged Mr. Newcomb $6 a pair for the trousers; that he would charge $8 to his own customers when the customers furnished the cloth; that he had not told Mr. Polite that he had supplied the straps, lining, pockets, buttons, or zippers that went into the trousers delivered to Mr. Newcomb; that he had received all of those parts from Mr. Newcomb and had only done the work; that in the case of his own customers, all that they would provide would be the cloth.

Respondent then called Armand J. Rascon, the interpreter who had accompanied Mr. Polite on his visit to Mr. Parra. Mr. Rascon testified that Mr. Parra had said that he had charged Mr. Newcomb $6 for making the trousers, by which he meant supplying the zippers, buttons, and lining, and the labor; but that if anyone else came in and asked him to make a pair of trousers, he would charge $8 and the customer would have to furnish the material.

It is contended that one of the petitioners, Mr. Newcomb, was unfamiliar with customs practice; that he believed that the duty would be assessed only upon the basis of the cost to him of the work done; that "there was no definite attempt to withhold information, nor was there any attempt to deceive the appraiser nor defraud the revenue." However, the testimony discloses that he knew the trousers were worth more than $6 a pair, but did not reveal their true value nor the facts of the case to the customs officials nor to the broker. It further appears that the broker looked at the invoice but made no inquiry as to the value of the merchandise and took no steps to ascertain the freely offered price of such trousers in Mexico. In this case the importer had all of the facts in his possession at the time of entry, but made no attempt to disclose the information until he was questioned by customs officials at a later date. It is the duty of the importer when he makes entry to give the appraiser all the information which he possesses as to the dutiable value of the goods. *National Biscuit Co.* v. *United States*, 20 C. C. P. A. 395, T. D. 46187; *J. Benitez Cintes* v. *United States*, 16 Ct. Cust. Appls. 88, T. D. 42751. Where the importer does not disclose his knowledge until questioned by customs officials subsequent to entry, it cannot be held that he has made entry without intent to conceal the facts of the case or to deceive the appraiser as to the value of the merchandise. *Geigy & Co.* v. *United States*, 47 Treas. Dec. 1047, Abstract 49289.

It is our opinion on the basis of this record and the demeanor of the witnesses that the petitioners have failed to sustain the burden of proof required by the statute. The petition is denied and judgment will be rendered accordingly.