**No. 40944.**—Petition 5645–R of John Wroblewski (Buffalo).

SULLIVAN, Judge: This case involves a petition for remission of additional duty assessed upon an importation of glass Christmas-tree ornaments from Germany under entry 1300, dated at the port of Buffalo, N. Y., August 1, 1937. On the consumption entry the entered value is stated in United States currency at $1,113. The duty on this is stated as "60% $667.80." Below this in red ink appear the notations of the appraiser indicating that the appraised value was $1,273, and that the duty thereon at 60 percent was $763.80. The additional duty assessed by the collector is stated on the consumption entry as 14 percent of $1,273, or $178.22. It also appears by the red-ink notations that the importer paid duty of $667.80, and that the "Supp. duty" was $274.22. It is for the refund of the additional duty that this petition is filed under section 489 of the Tariff Act of 1930.

The petitioner alleges that the entry herein at a less value than that returned upon final appraisement was with "no intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the Appraiser as to the value of the merchandise."

Under said section 489 the petitioner to succeed in his contention must establish—

by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

At the trial at Buffalo Miss Laura L. Jelley testified on behalf of the petitioner that since 1934 she was acting as a customs broker in Buffalo, and as agent for the petitioner in the matter of making entries for him; that as such customs broker and agent she personally attended to making entry 1300, the subject of this petition; that she entered the merchandise in question on the basis of the invoice value for the reason that the invoice had a notation that "The home market value, taxes included, is in no case higher than the invoice price," and that she used the invoice price, as she had been handling previous shipments on the same basis of value, with notations to that effect; *that all such previous entries had been passed as entered* on the basis of the invoice value; that in previous cases when in doubt as to the proper dutiable value of merchandise it was her practice to consult with the appraiser before making entry, but in this case she did not, as "I wasn't in doubt. I felt sure that it was correct"; that in this transaction she did not conceal or misrepresent any facts from the Government.

She gave the following reasons for not having taken an appeal to reappraisement in this case:

When I received the notice of advance I made a trip to Mr. Wroblewski's store and consulted him. I told him if he wasn't satisfied with the appraisal made; that if he was convinced that the invoice prices were correct, that he should take an appeal to reappraisement. He asked me to wait a few days. He told me that he had consulted an examiner in New York, and that they hadn't any trouble with similar shipments, and that he didn't want to get in trouble with the Government, and wanted to pay it and forget it.

Her testimony was not disturbed on cross-examination.

On redirect she testified she had been entering similar merchandise for the petitioner for about twelve years, and that "this was the first time any question was raised."

The petitioner, John Wroblewski, testified he had been importing glass Christmas tree ornaments from Germany for about twelve years; that in making the entry in question the previous witness acted as his agent; that he considered the invoice values to be the correct dutiable value of this merchandise at the time of entry "because I was always billed at the price I bought at abroad, and I always considered that was the correct value"; that although he had been importing this merchandise for about twelve years no question had ever been raised about the propriety of the invoice values prior to this particular shipment; that his previous entries had always been made upon the basis of the invoice value; that in making this entry, or authorizing his agent, Miss Jelley, to make it on the basis of the invoice value, he did not have any intention of defrauding the United States Government, or in any way to conceal or misrepresent any facts in the case.

On cross-examination he testified that *after* the appraiser appraised this merchandise he wrote to one of the importers in New York, "and he wrote back to me that he had some trouble with imported glass ornaments, but he didn't say whether the price was different from the invoice values"; that he "didn't consult with the appraiser *before* making entry as to the proper dutiable value," but merely had the broker enter the merchandise at the invoice value.

This closed the trial. The Government did not introduce any testimony. Time was given to both sides for briefs. The petitioner has filed a brief. Government counsel has indicated that they will not do so.

In *Wolf & Co.* v. *United States,* 13 Ct. Cust. Appls. 589, T. D. 41453, the appellate court laid down the following fundamental facts which the petitioner must establish if he is to obtain relief in a remission case:

* * * First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

As to the first requisite we think the petitioner has indicated merely that his intentions were good; but he relied entirely on the fact that he had been importing these goods for twelve years and entering them on the invoice values without such values having been questioned; and, because all such previous entries had been passed as entered on the basis of the invoice value, he did not make any effort to ascertain, as he should have done, whether his entered value was correct.

As to the second requisite: We find no evidence indicating that the petitioner was without knowledge when he made his entry of facts or circumstances "which would cause a prudent and reasonable person to question the correctness of the values given by him." On the contrary, he waited until *after* this appraisement before making effort to obtain such knowledge, when he wrote to one of the

importers in New York, who answered "that he had some trouble with imported glass ornaments." Had he done this *before* entering his goods he would probably have obtained facts or circumstances "which would cause a prudent and reasonable person to question the correctness of the values given by him."

As to the third requisite: We find no evidence that at the time of making the entry he informed the collector "of all the material facts in his possession bearing upon the value of the merchandise imported." On the contrary, the evidence discloses that the petitioner's customs broker did not consult with the appraiser before making entry.

In view of the *Wolf* case, *supra*, we feel that the evidence does not warrant us in granting the prayer of the petition.

The petition is denied.

### DISSENTING OPINION

BROWN, Judge: The writer heard and saw the witnesses in this case and was much impressed by their frank and open demeanor.

This importer had been importing similar goods for ten or twelve years. He had always entered them at the invoice value, which was the price he had paid, and never before had they been advanced in value by the appraiser.

In the shipment before us he did the same thing, entering at the price paid, which was the invoiced value. In addition there was a statement on the invoice which, naturally, put him and his customs broker, who made the entry for him, off their guard, caused them to be confident the invoice value was right, so that they naturally entered at the price paid and invoice value without further inquiry. After enumerating other details the shipper's invoice stated:

Home market value, taxes included, in no case higher than the invoice prices.

To do that in these circumstances and after that experience is certainly no evidence whatever of an intention to defraud the Government or to deceive the appraiser. If it can be called carelessness, the Supreme Court was emphatic that mere carelessness without more was not a cause for refusing remission and remanded to this court a remission petition denied upon that ground in *United States* v. *Fish*, 268 U. S. 607. The language of Chief Justice Taft in that case cannot be too frequently quoted:

[Page 612] Upon the merits of the case, we think the Court of Customs Appeals was right and that the finding of the Board of General Appraisers did not respond to the requirement of the statute. The issue to be found by the Board was whether the importer showed by his evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The issue presented to the Board was, "Has the importer sustained the negative in this regard?" *Merely to find that the importer was careless* is not a finding sufficient to justify the Board in deciding whether there should be a remission. Both the importer and the Government are entitled to a finding either that there was no intent to defraud or that the importer did not sustain his burden that there was no such intent.

It is significant that the Government in this case in lieu of filing a brief wrote as follows to the clerk:

This office does not desire to file a brief on behalf of the United States.

This indicates plainly that the Government had no reasonable grounds to present for urging the denial of remission.

The majority opinion relies on rules for remission stated by the court of appeals in the *Wolf* case, 13 Ct Cust. Appls. 589, T. D. 41453. Of course, they cannot further limit the rights of an importer than the Supreme Court's rule as stated above. Even under their view, however, the importer is entitled to recover here.

For (1) the evidence before us shows the entire good faith of the importer and his agent, the broker, (2) there is no reasonable inference here that there were "facts or circumstances known to the petitioner when he made his entry" which would cause him to question the figures at which he was entering, or (3) that he had not made a full and candid disclosure of the little he knew.

If the court of appeals' rule is narrower than the Supreme Court's rule, still he complied with their rule also by every fair inference.

From every consideration the prayer of this petition for remission should be granted.

Mr. Justice Holmes in *United States* v. *Emery, Bird, Thayer Realty Co.*, 237 U. S. 28, repelled a narrow view of the jurisdiction of the Court of Claims in the following language, page 32:

The argument that there is a distinction between claims "arising under" and those "founded upon" a law of the United States rests upon the inadmissible premise that the great act of justice embodied in the jurisdiction of the Court of Claims is to be construed strictly and read with an adverse eye.

Similarly here to refuse remission of penalizing additional duties, in the circumstances before us, would be to construe the beneficent purpose of section 489 strictly and to read that remedial provision with an adverse eye.

CONCURRING OPINION

McClelland, Presiding Judge: In harmony with the views expressed by the Court of Customs and Patent Appeals in the cases hereinafter cited, I concur in the conclusion reached by Judge Sullivan.

Upon the arrival of the involved merchandise the importer apparently perfunctorily turned over the consular invoice covering the same to his customs broker without instructions or information as a basis for entry other than that to be gleaned from the invoice itself. From the broker's testimony on the hearing of the petition it is evident that in making the entry she relied on two facts: (1) that previous entries made by her for the same importer of similar merchandise at the invoice prices thereof had been passed as entered, and (2) that there was noted on the invoice "Home market value, taxes included, in no case higher than the invoice prices."

It does not follow because the appraiser found no reason to make advances over previous entered values of similar merchandise that, throughout the period covered by such entries, there was no variance in the foreign-market value of the merchandise covered thereby.

I note that in her testimony the broker states that before making such previous entries, when in doubt as to the proper dutiable value of the merchandise covered thereby, it was her practice to consult the appraiser, but that in this case she was not in doubt. Just why she was so confident as to the integrity of the invoice prices in the instant case she failed to state, and the basis of her confidence is left to conjecture.

Experience leads me to the conclusion that such a notation on a foreign invoice as that above quoted is of questionable value as evidence in the ascertainment of dutiable value.

If the importer had faith in the integrity of his invoice and entered values he could have availed himself of the privilege accorded him by law of appealing to reappraisement, and according to the broker's testimony when she called his attention to the advances she advised him that if he was convinced that the invoice prices were correct he should take an appeal to reappraisement, but instead of availing himself of that privilege he replied to her suggestion "that he didn't want to get in trouble with the Government, and wanted to pay it and

forget it." The importer himself, when called to testify in support of the petition, stated that after he learned of the advance by the appraiser he wrote to an importer in New York for advice and that the New York importer wrote back to him that he, too, had had trouble with the Government about imported glass ornaments.

There is nothing in the record to indicate that entry at less than the final appraised value was the result of carelessness either on the part of the importer or his broker, and consequently the views of the Supreme Court in *United States* v. *Fish*, 268 U. S. 607, on the effect of carelessness in making entry are not controlling.

I concur with Judge Sullivan in holding that our decision in this case must be controlled by the decision of the Court of Customs and Patent Appeals in *Wolf & Co.* v. *United States*, cited by him, and cite also *Lowe Co.* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590, and the cases therein cited.