No. 42236.—Petition 5823–R of Bolinders Co., Inc. (New York).

SULLIVAN, Judge:   This is a petition for the remission of additional duties. The record shows that the petitioner, an American corporation, is wholly owned by the manufacturer and exporter, that it acts as the outlet in this country for its

products, and that this relationship has been in effect for many years. The first witness was the broker who had been making the entries for the importer for the past twenty years. He testified that he never conferred with anyone or made any inquiry about market value prior to entry, merely filing the invoice as he received it from the petitioner. This had been his practice for many years. The vice president of the petitioning company was the next witness. He also testified that he made no independent investigation as to whether or not there had been any changes in the market values of the articles imported by his company.

The unit values of the merchandise which was advanced in value on final appraisement were not in controversy, the whole issue being one of discount. The record indicates that there were varying discounts prevailing at the time of the importations covered by this petition. It seems to us that these facts could easily have been obtained by the petitioning company from its principal abroad. We do not believe due diligence was exercised in relation to these importations. The petition is therefore dismissed.

DISSENTING OPINION

BROWN, Judge: This importer had been purchasing in Sweden at the invoice prices (which are not disputed) less the discounts allowed him without dispute or advance for 20 years. Because it turned out that at the time of these purchases certain Swedish purchasers were allowed smaller discounts does not, in my opinion, create the inference that by entering at the prices he paid he was defrauding or deceiving the Government. His "negligence" in not finding out about smaller discounts in Sweden was held by the Supreme Court not to constitute ground for refusing remission, *United States* v. *Fish*, 268 U. S. 607.

The Supreme Court also held in that case that findings one way or the other must be made. Consequently there is no legal ground for dismissing the petition for mere "negligence," without making findings.