BOLINDERS CO., INC. *v.* UNITED STATES (No. 4294)[1]

United States Court of Customs and Patent Appeals, May 6, 1940.

*Puckhafer, Rode & Rode* (*George J. Puckhafer* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Frank E. Carstarphen*, special attorney, of counsel), for the United States.

[1] C. A. D. 122.

[Oral argument April 9, 1940, by Mr. Carstarphen; submitted on brief by appellant]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court (First Division), Judge Brown dissenting, dismissing a petition for remission of duties assessed under section 489 of the Tariff Act of 1930.

The duties in question were imposed by the Collector of Customs at the port of New York upon certain Diesel engines and parts, imported at various times, the first of which was on July 24, 1934, and the last on October 28, 1935. The merchandise was entered at the gross invoice price, less 25 per centum and 2½ per centum. It was appraised at the gross invoice price less 10 per centum and 2½ per centum.

Appeals were had to reappraisement, and it was finally determined that the dutiable value of the merchandise was the invoice price less 10 per centum and 2½ per centum. Thereafter the collector assessed additional duties upon the merchandise pursuant to the provisions of section 489 of the tariff act, which, so far as is here pertinent, reads as follows:

SEC. 489. ADDITIONAL DUTIES.

* * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

It is the remission of these additional duties which is involved in this appeal.

The evidence on behalf of the appellant consisted of the testimony of the broker who made the entries, the testimony of the vice president of appellant, and certain letters marked Collective Exhibit 1. The evidence introduced in behalf of the Government consisted of the testimony of an examiner of merchandise at the port of New York and certain special reports of a Treasury attaché, with certain exhibits attached thereto.

It appears from one of said reports that while appellant is separately incorporated, the Swedish seller of the involved merchandise owns all the shares of stock of the appellant corporation and makes good any losses incurred by it.

The broker who entered the merchandise testified that he had been making entries for appellant for the past 20 years, and that he had always entered its merchandise at the discount which appeared on the invoice, as he did in the case at bar; that he had no conversation with any representative of the appellant prior to the entries here involved with respect to the value of the merchandise included therein, nor did he discuss this matter with any other person.

Ruben Bengtson testified that he was the vice president of appellant, that the prices upon the invoices and the discounts stated thereon were the actual discounts and prices at which the various transactions were consummated. Upon cross-examination he testified that prior to the entries here involved he made no inquiries of any one respecting the foreign value of such merchandise at the times of the exportation of the involved merchandise to the United States.

Subsequent to the making of these entries the Treasury made an investigation respecting the foreign value of such and similar merchandise. In a letter from the parent company in Sweden to a United States Treasury attaché at Berlin, attached to one of the special Treasury attaché's reports, we find the following:

2/ The discounts granted to our New York office are the same as those which we grant to all our more important retail merchants. However, in Sweden almost all sales are made direct to the consumers in which case a smaller discount is applied. For instance, off the prices of engine spare parts the discount to our New York office and to all our foreign retailers is 25% in addition to a cash discount of 2½%. The discount of our Swedish consumers is 10 to 15% and only in exceptional cases 25%, all in addition to cash discount when payment is effected in cast.

The Customs Court, after reviewing the evidence, stated in its decision:

The unit values of the merchandise which was advanced in value on final appraisement were not in controversy, the whole issue being one of discount. The record indicates that there were varying discounts prevailing at the time of the importations covered by this petition. It seems to us that these facts could easily have been obtained by the petitioning company from its principal abroad. We do not believe due diligence was exercised in relation to these importations. The petition is therefore dismissed.

Judgment was entered accordingly, and from such judgment and decision this appeal was taken.

Before us the case for appellant was submitted, without oral argument, upon its brief.

We are in agreement with the conclusion of the trial court that the facts presented in the record are not satisfactory evidence upon which to base remission of duty under the statute.

In the case of *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250, the burden resting upon one who seeks a

remission of duties assessed for undervaluation of merchandise was stated as follows:

* * * In remission cases the importer is not the insurer of the correctness of the value of his goods, neither is he held to the strict rule that he must positively know their value, but he certainly can not be said to be acting in good faith if he declares an incorrect value for his goods, to be acted upon by the appraiser, when, by reasonable inquiry, he could have been advised that his statement was false. And by reasonable inquiry we do not mean that in every instance the importer is required to make inquiries before declaring what he believes to be the value of his goods, but if there is any circumstance which would put a reasonably prudent person, under similar circumstances, upon inquiry, then it is his duty to make such inquiry. The importers, in this instance, may have had no knowledge that their importation was worth more on the date of shipment than it was on the date of purchase, but they represented that they *did* know its value. We think there were circumstances calculated to put them upon their inquiry, and that reasonable inquiry would have developed the inaccuracy of the stated value. Under these circumstances the importers have not supported the allegations of their petition by satisfactory evidence that the entry of the merchandise at a less value on the date of shipment than that returned upon final appraisement was without any intent to defraud the revenue, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

In the case of *Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70, we said:

It must be borne in mind that a failure to find the absence of fraud by the trial court is not necessarily equivalent to a finding that there was fraud. But, a finding such as the trial court made in the case at bar obviously implies only that regardless of whether there was or was not fraud, the petitioner has not submitted satisfactory proof which shows the absence of fraud, etc., and that the mere statement on the part of the witnesses that they did not intend to defraud, etc., while competent evidence, is insufficient unless supported by other satisfactory evidence. * * *

In the case at bar we think there were facts that should have caused appellant to make inquiry as to whether the invoice value was lower than the foreign value of the merchandise, and while appellant is a distinct entity, it was in effect merely an agent of the foreign seller. The declarations of the seller upon the consular invoices state that it is the seller of the merchandise, and that the value of the goods covered by the same is the export value. The declaration of appellant's broker upon the consumption entries gives no information to the collector as to the relationship between appellant and the foreign seller.

It was finally determined in the reappraisement proceedings that the invoice values of the merchandise were lower than their foreign values, and appellant's parent company must have been aware of that fact when the consular invoices were made.

Considering the relationship between appellant and the foreign seller of the merchandise, we think it was the duty of representatives of appellant to acquaint the appraiser with that relationship, and

to have made independent inquiries as to whether the invoice values were less than the foreign-market values. See *United States* v. *Pennsylvania Salt Manufacturing Co.*, 26 C. C. P. A. (Customs) 232, C. A. D. 22.

Inasmuch as the foreign seller owned all of the stock of appellant, it is plain that, except for duty purposes, it was wholly immaterial at what prices the merchandise was invoiced, for appellant's selling price of the merchandise in the United States market was wholly under the control of the foreign seller, appellant's parent company.

We are convinced that appellant has not sustained the burden placed upon it to establish its right to a remission of the duties in question.

The trial court dismissed the petition for remission of duties. In the case of *Les Parfums de Molyneux* v. *United States*, 26 C. C. P. A. (Customs) 323, C. A. D. 36, concerning the form of judgment to be entered in remission cases, we said:

\* \* \* It is our view that good practice would be served best by the court stating its finding, whether affirmative or negative, substantially in the terms of the statute. That constitutes the real judicial judgment in the case. In strictness the court does not adjudge refund or remission but adjudges facts upon which the collectors of customs base their subsequent acts. \* \* \* *United States* v. *Fish*, 268 U. S. 607.

However, under the circumstances, we must regard the decision of the trial court as equivalent to a finding that the evidence failed to establish that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. *Gresham* v. *United States, supra.*

For the reasons herein stated, the judgment appealed from is affirmed.