BEFORE THE FIRST DIVISION, SEPTEMBER 16, 1943

**No. 48775.**—Petitions 6309–R, etc., of Minnesota and Ontario Paper Co. (Duluth and Pembina).

Opinion by COLE, J. It appeared from the record that the petitioner for a great many years had imported this merchandise from the same Canadian exporter and that the merchandise had always been entered at the prices paid by the importer, which were the amounts received on sales in this country less freight allowance and 5 percent discount. It also appeared that such values were never disputed by the customs officials until the time of the entries in question. It was revealed by the testimony that the 8 percent Canadian sales tax was not included as part of the dutiable value in a few of the 29 entries under consideration, which the witness explained was due to an oversight by a billing clerk in the office of the Canadian shipper. The court was satisfied from examination of the record and consideration of the facts that the petitioner had met the burden imposed under said section 489 and therefore granted the petitions. *United States* v. *Fish* (268 U. S. 607) cited.

BEFORE THE THIRD DIVISION, SEPTEMBER 16, 1943

**No. 48776.**—Protest 72779–K of T. G. McGonigal (Mobile).

Opinion by CLINE, J. It was stipulated that the merchandise consists of corn feed meal containing bran, used for animal feed and not for human consumption, and that it is the same in all material respects as that the subject of Abstract 47746, excepting that the merchandise covered by said abstract was imported prior to the Canadian Trade Agreement (T. D. 49752). In accordance therewith the corn feed meal in question was held dutiable at 5 percent ad valorem under the provision for byproduct feeds obtained in milling wheat or other cereals under paragraph 730, as modified by said Canadian Trade Agreement (T. D. 49752). Protest sustained to this extent.

**No. 48777.**—Protests 777702–G, etc., of Gaetano Sabelli (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and the cited cases the following allowances were made by the court to compensate for foreign substances on the outside of certain cheese: (1) 2½ percent for cheese similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146, and (2) 1 percent for other cheese similar to Reggiano cheese the subject of said C. D. 706. Protests sustained to this extent.

**No. 48778.**—Protests 823506–G, etc., of S. A. Haram (New York).

Opinion by KEEFE, J. It was stipulated that the cheese in question is similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstracts 42146 and 48269. The protests were therefore sustained.