**No. 52798.**—Fuchs Shoe Co. v. United States, petition 6672–R (New York).

COLE, Judge: The provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. §1489) are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised value exceeding the entered value of sisal footwear exported from Port-au-Prince, Haiti, and entered at the port of New York.

All the testimony before us was given by the president of the petitioner corporation. The Government offered nothing in rebuttal, and neither party submitted briefs.

· Negotiations for the purchase of the merchandise in question began in August 1945, when the foreign manufacturer came to New York and furnished petitioner with samples and price quotations. After the first order had been sent, in January 1946, a dispute arose between petitioner and the manufacturer concerning price, the latter stating he could not deliver the footwear at $1.75 per pair because he had not received "letter of credit promptly enough," and demanded $2.10 per pair for the shoes. An exchange of correspondence followed, and it was finally agreed that the manufacturer in Haiti would deliver 2,160 pairs at $1.75, but the price on the balance of the orders would be $1.95 per pair.

Petitioner entered the earliest shipments at $1.75 per pair, the purchase price for the particular merchandise covered thereby. The practice continued until all orders covering 2,160 pairs had been filled, which occurred when an invoice was received itemizing two quantities at different prices, $1.75 and $1.95 per pair, respectively. Following its consistent procedure of entering at the purchase price, petitioner, using the invoice setting forth two prices, sought to enter the merchandise at the particular value for each quantity. The customs examiner, observing different prices for the same item, asked for an explanation, which petitioner furnished in complete detail. Being advised by the custom officials that the correct dutiable value for the footwear was $1.95 per pair, the value at the time of exportation, petitioner immediately sought to amend all pending entries, and did so in every instance, except two which had come under the observation of the appraiser and therefore too late for amendment.

Those two entries are the basis for the present case. The collector appealed for reappraisement of the merchandise covered thereby, and on an agreed set of facts, conceding $1.95 per pair to be the proper dutiable value, the merchandise was reappraised. *United States* v. *Cosmos Shipping Co.*, 19 Cust. Ct. 193, Reap. Dec. 7301, and *United States* v. *Fuchs Shoe Corp.*, 19 Cust Ct. 194, Reap. Dec. 7302. Additional duties accrued from the higher appraised value, and it is the remission of such duties that is sought in this petition.

Here, as in all cases of this character, the principal question is the good faith and intention of petitioner in entering its merchandise. *United States* v. *American Metal Co., Ltd.*, 12 Ct. Cust. Appls. 440, T. D. 40612. "It is, of course, true that the issue must be determined upon the question of intent at the time of entry, but, for the purpose of throwing light upon the matter of intent, the conduct of the petitioner in direct relation to the subject matter, before and subsequent to the entry, may be looked to." *United States* v. *Pennsylvania Salt Manufacturing Co.*, 26 C. C. P. A. 232, C. A. D. 22.

In the present case, petitioner followed its adopted practice of entering at the purchase price. That it continued such procedure, even to the extent of using an invoice showing different prices for identical merchandise, reveals a willingness to disclose all conditions and circumstances associated with the transaction relating to the imported merchandise.

The failure of the petitioner to advise customs officials of details at the time of its earliest entries of this footwear was called by the witness an "inadvertence," which, in response to the court's question, he explained in these words (R. 9):

Well, it is quite clear to me now that what should have been done is that when the entry was made at $1.75 shoes it should have been made at $1.95, because of the fact that we had later shoes coming in at $1.95. But we slipped up on that, and made the entry at the exact price that we were paying, instead of raising the thing to $1.95, but that was done, just as I said, through inadvertence. We slipped up on doing it. There was no intent to defraud or get a lower duty. We made entries at the exact prices that we paid.

The most unfavorable view to be taken of petitioner's case is that petitioner was negligent or careless, but such conduct is not a bar, within the meaning of the statute, for remission of additional duties assessed under section 489, *supra.* In this connection, *United States* v. *Fish*, 268 U. S. 607, said:

* * * The issue * * * was whether the importer showed by his evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The issue presented * * * was, "Has the importer sustained the negative in this regard?" Merely to find that the importer was careless is not a finding sufficient to justify * * * whether there should be a remission. Both the importer and the Government are entitled to a finding either that there was no intent to defraud or that the importer did not sustain his burden that there was no such intent.

From an examination of the record and a consideration of the facts in the case, we are satisfied that the entry of the footwear in question was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted and judgment will be rendered accordingly.