BEFORE THE SECOND DIVISION, OCTOBER 25, 1951

**No. 55940.**—Maizie Lazar *v.* United States, petition 6812–R (New York).

RAO, Judge: This is a petition filed pursuant to the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties assessed by reason of the undervaluation of an importation of decorated china tableware. Petitioner alleges that the entry of said merchandise at values less than those found by the appraiser was without any intention to defraud the revenues of the United States, conceal or misrepresent the facts of the case, or deceive the appraiser concerning the true values of the merchandise.

Petitioner herself, and Frederick Hodgkinson, the vice president of the custom-house broker who made the entry herein, both testified in support of these allegations. No witnesses were called by respondent. It appears from the testimony adduced at the trial that petitioner, who is not in the import business, but is an interior decorator, was, during the month of May 1950, in Zurich, Switzerland, on a pleasure trip. While there, she purchased from a retail department store, nine tea sets and four fruit sets of decorated china, for which she paid, by her personal check, the retail price of $413. She requested that the china be shipped to her place of business at Atlantic City, N. J., and suggested, in view of the very high rates of insurance, that the order be insured for one-half of its value. Upon her arrival in New York, petitioner executed a baggage declaration, a certified copy of which was received in evidence as petitioner's exhibit 1, wherein she specified the purchase price of the instant articles as $413.

The entry in this case was made by Alltransport, Inc., customs broker and forwarding agent, upon receipt of the consular invoice and bill of lading, together with instructions that the shipment was for Maizie Lazar of Atlantic City, N. J., from its forwarding agents in Zurich, who were acting on behalf of the exporter. Petitioner did not know Alltransport, Inc., nor did she have anything to do with the making of the entry.

As the consular invoice listed a value of 758.45 Swiss francs, the broker added 25 francs for packing, and, converting at the rate of 0.23225 francs to the dollar, found a value of $182 in United States currency. He thereupon notified the importer that the shipment was due and sent her an invoice for the duty and clearance charges, which she paid. The invoice in question, respondent's exhibit A, indicated that the value of the merchandise was $182, but Mrs. Lazar, who was unfamiliar with these matters, failed to notice this item.

At the time the entry was submitted to the collector, and the estimated duties paid, the broker was not aware of any other value than the invoice value of 758.45 francs, as he had not seen the baggage declaration. Neither had he any reason to assume that the invoice value was incorrect. In fact, this was the first time in the customs broker's 25 years of experience in customs matters that there existed such a discrepancy between the amount on the consular invoice and the amount actually paid.

Before the entry was passed, however, the broker was requested to have the importer answer a currency questionnaire which included, among other things, a question regarding the purchase price of the merchandise. The form was forwarded by the broker to petitioner, who indicated thereon the fact that she had paid $413 for the chinaware, and confirmed that statement by her canceled check. This was the first intimation that the broker had of a value different from that set forth in the consular invoice. It was likewise the first indication that petitioner had that the consular invoice showed a value of 758.45 francs, or the equivalent of $182.

The currency sheet, together with petitioner's explanation of the circumstances of the purchase, was delivered to the examiner, who thereupon instituted forfeiture proceedings. After several conferences between petitioner, the Treasury agents, and the witness Hodgkinson, during which all the facts relating to the purchase, including the actual price paid, were revealed to the Treasury agents, forfeiture of the merchandise was remitted upon the payment of the amount of $45. A letter, dated December 4, 1950, notifying petitioner of the remission of the forfeiture, was received in evidence as petitioner's collective exhibit 2. Said letter also afforded petitioner an opportunity to file a timely amendment of the entry.

The following day an amended entry was tendered by the customs broker. Before it was fully processed for acceptance, however, the merchandise had come under the observation of the appraiser for the purpose of appraisement. Accordingly, the proffered amendment was rejected, and the additional duties which are here sought to be remitted were assessed.

Both petitioner and the witness Hodgkinson testified affirmatively that the making of the entry at values less than those ultimately found by the appraiser was without any intention to defraud the revenues of the United States, conceal or misrepresent the facts of the case, or deceive the appraiser as to the values of the merchandise.

Although the court has not been furnished with briefs of counsel in this case, it appears from statements made by counsel for the respondent during the course of trial that the Government characterizes the actions of petitioner and her broker in connection with the entry herein as grossly negligent. No fraud or deceitful intent is imputed to petitioner, but it is claimed that the record does not sufficiently establish that degree of care which is consistent with good faith.

We do not subscribe to these contentions of the respondent. This case was heard before the full bench of this division, and each of the members of the court was impressed with the sincerity and honesty of the witnesses on behalf of petitioner. They told a straightforward and convincing story of the events leading up to the making of the entry herein, and explained to the entire satisfaction of the court the reason for the great discrepancy between the entered and appraised values.

It seems to us that the most significant indicium of petitioner's intention to truly report the value of the merchandise purchased by her in Switzerland was the fact that the baggage declaration contained a statement of the price actually paid for the involved articles. This was information which petitioner supplied to the customs officials immediately upon her return to the United States. Her failure to note in the invoice from the broker that the value was set at only $182, was sufficiently accounted for by her statement that she merely "looked to see what they wanted me to send them and I sent them the money," especially in view of the fact that the verified baggage declaration showed the purchase price to be $413. It is understandable that one unfamiliar with customs matters would fail to realize the significance of the item on respondent's exhibit A which reads "Customs entry and clearance (val. $182.00)."

Of course, had the broker, prior to filing the entry, requested information from petitioner concerning the purchase price, he would have ascertained that the value stated in the consular invoice was too low. But there were no circumstances known to him at the time he received the consular invoice tending to put him on inquiry, or causing him to question the correctness of the value therein stated. He may have been somewhat careless in the matter, but carelessness, alone, does not suffice to defeat petitioner's claim for remission without any indication of a lack of good faith. *United States* v. *Fish*, 268 U. S. 607.

Moreover, we think the sincere and prompt attempt to amend the entry to reflect the higher values bespeaks the *bona fides* of both petitioner and her broker. It evidenced their intention to comply with the requirements of a proper entry of the merchandise, and, in view of all the circumstances of the case, satisfies us that the entry of the instant merchandise at values less than those found by the appraiser was without any intent to defraud the revenues of the United States, conceal or misrepresent the facts, or deceive the appraiser as to the value of the merchandise. The petition for remission of additional duties is, therefore, granted.

Judgment will be entered accordingly.