**No. 56506.**—New Shanghai Company *v.* United States, petition 6778–R (New York).

LAWRENCE, Judge:   Petitioner herein seeks the remission of additional duties, pursuant to section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489), on certain items of porcelainware included in an importation from China.

The shipment consisting of porcelain, soapstone, and corkwood articles was entered at the invoice unit prices, plus 5 percent, plus cases and packing.   On appraisement, the porcelain articles were advanced in value 33⅓ percent.   Additional duties provided for in section 489, *supra*, were accordingly assessed.

In this case, as in all instances where remission of additional duties is sought, the test is, as succinctly expressed by the Supreme Court of the United States in *United States* v. *Fish*, 268 U. S. 607, 612, as follows:

\* \* \*   The issue to be found by the Board [now the United States Customs Court] was whether the importer showed by his evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   \* \* \*

Petitioner herein has offered the testimony of two witnesses.   The first, Charles Anthony Gallagher, an employee of the National Carloading Corp. in whose name entry was made, had in his possession all of his employer's papers in connection with this matter.   From this file, there was offered and received in evidence, as petitioner's exhibit 1, a submittal sheet addressed to the United States appraiser seeking information as to the values to be used in entering the controverted merchandise.   It discloses that this form was submitted prior to preparation of the entry papers, and shows thereon under the caption "Basis of examiner's advice" a red-ink notation as follows: "Invoice units+pkg A–42 S. L. \* \* \*."   From his experience with similar documents in other cases, the witness stated that the notation "A–42" referred to a form showing the currency of purchase and the kind of currency remitted in payment for the merchandise.   It is noted that said document was executed by the petitioner herein and is attached to the entry papers.

The second witness was Tsing Moy Onne, proprietor of New Shanghai Company, which company is the importer and petitioner herein.   He stated that he has been in the importing business since about 1939.   He testified that at the time of entry he believed that the invoice value, which was the price he paid for the merchandise, was the correct dutiable value of the merchandise.   Subsequently, upon being informed that the entered value of the porcelainware had been advanced, he wrote abroad for information and learned that between the date of purchase and the date of exportation, a matter of 2 weeks, the price in Shanghai

had gone up. Moreover, he learned that the carrying vessel was delayed in departure from Shanghai for some 12 or 13 days. It appears from the testimony of the witness that in connection with the entry of the merchandise, he did not intend to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Although the testimonial record discloses that this case was subjected to the usual investigation on behalf of the Government, counsel for respondent herein offered no testimony to refute the evidence submitted by the petitioner.

We are of the opinion that the radical price fluctuation on porcelainware in the Shanghai market, coupled with the delayed exportation of the merchandise, which led to the advance in value by the appraiser and the resultant assessment of additional duties, could hardly have been foreseen by petitioner at the time of entry. Furthermore, from the uncontroverted testimony before us, we are convinced that the price change was totally unknown to the importer until it was so appraised by the customs officials.

Upon the record before us, we are satisfied that the burden of affirmative proof resting upon the petitioner herein, as set forth in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, has been met, namely:

\* \* \* First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

Accordingly, we find and hold that in making entry of the present importation there was no intention on the part of petitioner to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition is, therefore, granted.

Judgment will issue accordingly.