**No. 57453.**—Steelmasters, Inc. *v.* United States, petition 6908–R (New York).

OLIVER, Chief Judge: This is a petition, filed under the provisions of section 489 of the Tariff Act of 1930, seeking the remission of additional duties imposed by reason of the appraised value exceeding the entered value of certain household utensils exported from Germany and imported at the port of New York.

The record consists of the uncontradicted testimony of the import manager of the petitioner corporation, who prepared the entry papers covering the shipment in question. The appraiser's advance over petitioner's entered value was due to

a clerical error committed by the witness through an erroneous computation of nondutiable charges.

In the entry, as originally prepared, the witness deducted for inland freight and other nondutiable charges an amount equivalent to 10 per centum of the gross value of the merchandise, but only half of the amount was actually allowable. When petitioner was advised of its mistake, an amended entry was filed, but again the witness erroneously computed the amount of nondutiable charges. The proper adjustment was made by customs officials and appraisement was made accordingly.

The most unfavorable view to be taken of petitioner's case is that its import manager was negligent or careless in his preparation of the entry papers. The case of *United States* v. *Fish*, 268 U. S. 607, held that such conduct is no bar for obtaining relief under the provisions of section 489, *supra.*

On that point, the Supreme Court stated as follows:

* * * The issue * * * was whether the importer showed by his evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The issue presented * * * was, "Has the importer sustained the negative in this regard?" Merely to find that the importer was careless is not a finding sufficient to justify * * * whether there should be a remission. Both the importer and the Government are entitled to a finding either that there was no intent to defraud or that the importer did not sustain his burden that there was no such intent.

Counsel for the Government, in his brief, calls attention to notations appearing on papers that were forwarded to the court with the entry and the invoice. The papers referred to by Government counsel were not offered in evidence, nor were they mentioned in any way during the course of the trial. They are not a part of the record before us. *United States* v. *Western Electric Company*, 26 Cust. Ct. 531, Reap. Dec. 7954.

Respondent's brief cites several cases which related to petitions, like the one before us, for the remission of additional duties imposed pursuant to the provisions of section 489, *supra. National Silk Spinning Co., Inc.* v. *United States*, 28 C. C. P. A. (Customs) 24, C. A. D. 119; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70; *Endicott Johnson Corp.* v. *United States*, 24 C. C. P. A. (Customs) 39, T. D. 48309; *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392. We have examined all of those cases and find that each presented a set of facts materially different from those established herein. It is considered unnecessary to review in detail any of the citations. Suffice it to say that all are distinguishable from the present case.

From an examination of the record and a consideration of the facts in the case, we are satisfied that the entry of the articles in question was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is, therefore, granted and judgment will be rendered accordingly.